**JENNER & BLOCK LLP**
Reid J. Schar (SBN 283948)
RSchar@jenner.com
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: +1 628 267 6800
Facsimile: +1 628 267 6859

Kate T. Spelman (SBN 269109)
kspelman@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

**JENNER & BLOCK LLP**
Andrew W. Vail*
avail@jenner.com
David C. Layden*
dlayden@jenner.com
Andrianna D. Kastanek*
akastanek@jenner.com
353 N. Clark St.
Chicago, IL 60654
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

**pro hac vice* application granted

Attorneys for Defendants
MOTOROLA SOLUTIONS, INC. and VIGILANT SOLUTIONS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

AARON MICHAEL ROBERTS, KATHERINE RENEE ROHRER, STEPHEN STUBBINGS, MATTHEW GONZALES, CONNOR RIEDEMAN, DANIEL YELISEY TIMOFEYEV, HOPE DINNEEN WHITE, LUIS FERNANDO BRITO MONTENEGRO, CHARLES CONNELL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC., and VIGILANT SOLUTIONS, LLC,

Defendants.

Case No. 3:26-cv-06099-JD

The Honorable James Donato

**STIPULATION AND [PROPOSED] ORDER REGARDING PRESERVATION OF INFORMATION UNDER FED. R. CIV. P. 26(c)**

Plaintiffs Aaron Roberts, Katherine Rohrer, Stephen Stubbings, Matthew Gonzales, Connor Riedeman, Daniel Timofeyev, Hope White, Luis Brito Montenegro, and Charles Connell and Defendants Motorola Solutions, Inc. and Vigilant Solutions, LLC (together, "the Parties"), by and through their respective counsel of record, hereby agree and stipulate as follows pursuant to Civil Local Rule 7-12:

WHEREAS, Plaintiffs in this action allege, among other things, that Defendants Motorola Solutions, Inc. and Vigilant Solutions, LLC operate automated license plate recognition ("ALPR") cameras and associated technology in California and unlawfully collected, retained, and shared drivers' license plate and location data;

WHEREAS, the Parties, through their respective counsel, have met and conferred to discuss the preservation of potentially relevant documents and information, including data collected and retained by the ALPR cameras and associated technology provided by Defendants;

WHEREAS, Defendants have advised Plaintiffs that (a) the contracts between one or both Defendants and law enforcement agency customers and enterprise customers provide that the customers own the license plate-related data collected by the ALPR cameras and associated technology and have the ability to control the retention and deletion of that data; (b) law enforcement agency and enterprise customers may have public-facing policies that address the retention and destruction of ALPR data; and (c) the ALPR cameras and associated technology provided to law enforcement agency customers and enterprise customers permit them to delete license plate-related data collected by the ALPR cameras and associated technology, including in accordance with the customers' retention and destruction policies;

WHEREAS, the Parties agree that it is desirable to seek the entry of a preservation order or orders under Fed. R. Civ. P. 26(c) to facilitate the preservation of license plate-related data notwithstanding contractual provisions that could conflict with such preservation;

WHEREAS, the Parties respectfully submit that good cause exists under Rule 26(c) to enter an order ensuring the preservation of license plate-related data and protecting Defendants and their customers from annoyance, burden, and competing contractual and policy obligations arising from that preservation.

**IT IS HEREBY STIPULATED AND AGREED**, and the Parties request that the Court issue an order, as follows:

//

**Definitions**

1. "ALPR System" means any automated license plate recognition system, platform, or service provided, hosted, or made available by one or both Defendants to customers, together with all servers, databases, and storage on or through which data from such systems resides, wherever located and including servers, databases, and storage provided by a third party.

2. "Audit Record Data" means all data that is generated, logged, and stored by the ALPR System as a result of the use of an ALPR System by a Nationwide Public Agency or Private Entity with VehicleManager Access (to the extent that any such entities exist) regarding user authorizations, access, activity, queries, query results, and sharing, including, to the extent generated, logged, and stored, data specified in Cal. Civ. Code § 1798.90.52(a); share grants and revocations, and memoranda of understanding uploaded to or generated by the ALPR System; retention and destruction settings and every change to them; and purge, deletion, and expiration logs. These categories are illustrative and not exclusive.

3. "California Agency Customer" means any California Public Agency that at any time during the Class Period had a contract with one or both Defendants and collected or received Plate Images or Plate-Related Metadata that resided on or was processed through the ALPR System.

4. "California Public Agency" means the State of California, any city, county, or city and county in the State of California, or any agency or political subdivision of the State of California or of a city, county, or city and county in the State of California, including, but not limited to, a law enforcement agency.

5. For purposes of this Stipulation and proposed Order only, "Class Period" has the same meaning as in Plaintiffs' First Amended Class Action Complaint, Dkt. 18—the period beginning when the first ALPR camera allegedly operated by Defendants or by any predecessor entity, including Vigilant Solutions, Inc. and VaaS International Holdings, was installed in California, and continuing through the entry of final judgment in this action and the exhaustion of all appeals. Defendants reserve all rights to challenge certification of any class and the definition of a class.

6. "Covered Data" means the following electronically stored information that is collected, generated, processed, recorded, or made available by the ALPR System relating to photographic or video

images captured by the ALPR System in California, at any time during the Class Period: (1) Plate Images; (2) Plate-Related Metadata; and (3) Audit Record Data.

7. "Nationwide Public Agency" means: (1) the United States and any department, agency, or component of the federal government; (2) any state, territory, the District of Columbia, or tribal government; (3) any city, county, or city and county, or any agency or political subdivision of any state or of a city, county, or city and county, including, but not limited to, a law enforcement agency; and (4) any task force, fusion center, joint powers authority, or other multi-jurisdictional body composed in whole or in part of any of the foregoing. Nationwide Public Agencies include all California Public Agencies.

8. "Plate Images" means all photographic or video images captured by the ALPR System in California, including, to the extent applicable, images of license plates, vehicles, and vehicle occupants.

9. "Plate-Related Metadata" means all data other than Plate Images that is generated, logged, and stored by the ALPR System in connection with a license plate detection in California, including, to the extent applicable, license plate numbers and partial reads, either as initially recorded and subsequently amended; confidence scores and any other confidence, accuracy, or quality value; vehicle make, model, and any other vehicle descriptors; GPS coordinates and other location data; direction of travel and speed; date and time stamps; camera, device, and site identifiers; customer and account identifiers; state or jurisdiction of plate issuance; license plate type (e.g., dealer, government, or provisional); the source of the detection (e.g., fixed camera, mobile, in-vehicle unit, third-party or ingested camera system, commercial or repossession feed, or share from another agency or partner); hot list entries and uploads, hit records, and alert records associated with such a detection; and any other data derived or extracted from Plate Images or combined or associated with such data in or through Defendants' systems or platforms.

10. "Private Entity with VehicleManager Access" means any person or entity, other than a Nationwide Public Agency or a Defendant, that at any time during the Class Period had an account, credentials, license, or other access to VehicleManager (in contrast to VehicleManager Enterprise), whether obtained directly from Defendants or through a share, integration, reseller, or other third party. By stipulating to this definition, Defendants are not agreeing that any persons or entities exist that fall within this definition.

11. "VehicleManager" means Defendants' VehicleManager platform, including any predecessor, successor, or renamed version. It does not include VehicleManager Enterprise.

**Preservation Obligations**

12. **Suspension of Ability to Delete or Alter Audit Record Data.** Within seven days of all Parties executing this Stipulation, Defendants shall disable any ability of Nationwide Public Agencies or Private Entities with VehicleManager Access to: (1) delete, alter, or prevent logging of any Audit Record Data; and (2) disable, narrow, or otherwise reduce any logging functionality of the ALPR System below its most comprehensive configuration in effect at any time since execution of this Stipulation. Nothing in this Paragraph requires Defendants to develop logging functionality that the ALPR System did not have as of execution of this Stipulation.

13. **Suspension of Auto-Deletion of Covered Data other than Audit Record Data.** Promptly upon entry of this Order, Defendants shall begin the process of suspending all remaining automatic deletion, purge, retention-expiration, and similar functions as applied to Covered Data other than Audit Record Data. This process will be completed as soon as reasonably practicable but in no event later than seven days from entry of this Order.

14. **Suspension of Manual Deletion of Plate Images and Plate-Related Metadata.** Promptly upon entry of this Order, Defendants shall suspend or disable all ability of Nationwide Public Agencies or Private Entities with VehicleManager Access to manually delete, purge, prevent logging, shorten any retention period, and similar functions as applied to Covered Data other than Audit Record Data. This process shall be completed as soon as reasonably practicable but in no event later than fourteen days from entry of this Order.

15. **Actions Inconsistent with Preservation Obligations.** Defendants' management shall not instruct, encourage, or assist Defendants' employees or anyone else to delete, purge, prevent logging, shorten any retention period applicable to Covered Data, or otherwise take any actions to hinder preservation or undermine the preservation measures in Paragraphs 12-14.

16. **Creation of Segregated Copy of Covered Data.** In addition to the suspension of deletion described above, Defendants must implement, within 60 days of entry of this Order, modifications to the ALPR System sufficient to ensure that (1) all existing Covered Data is preserved; (2) newly created

Covered Data is preserved and cannot be altered or deleted before it is preserved; and (3) except for litigation purposes, no Nationwide Public Agency or Private Entity with VehicleManager Access will be able to access any Covered Data after the date on which, absent this Order, the Covered Data would have been deleted under the retention and destruction periods set forth in their respective ALPR System settings. So long as the preservation obligations of this Order are otherwise satisfied, including the modifications required in this Paragraph, Defendants may end the suspension of auto-deletion and manual deletion described in Paragraphs 12-14 (but may not reduce logging functionality as described in ¶12(2)). Plaintiffs agree in principle that creating a segregated copy of Covered Data would be an acceptable means of accomplishing this goal, but Plaintiffs have not evaluated and do not stipulate to the sufficiency of any specific implementation. Covered Data preserved for purposes of this litigation will be maintained with reasonable security safeguards, accessed only for preservation and litigation purposes, and not used for any commercial purpose.

17. **Status Reports**. Beginning seven days after entry of this Order and continuing every seven days until Defendants have certified completion of every obligation under Paragraphs 12-14 and 16, Defendants shall serve on Plaintiffs' counsel a written status report that advises of the status of the completion of the obligations in Paragraphs 12-14 and 16.

18. **Potential Non-Preservation of Plate Images in the Future.** The Parties recognize that it may be possible to seek modification of this Order in the future to discontinue the preservation of all Plate Images while still preserving information potentially relevant in this action, and agree to discuss that issue in good faith at the appropriate time.

19. **Reservations of Rights.** Nothing in this Stipulation shall be interpreted to limit or waive Plaintiffs' right to seek any remedy or sanction for any non-preservation of Covered Data, Plate Images, Audit Record Data, or anything else that occurred prior to Defendants completing the actions required in this Order or for any subsequent actions inconsistent with its terms. Nothing in this Stipulation shall be interpreted to limit or waive Defendants' arguments regarding any assertion or claim made by Plaintiffs regarding the preservation of allegedly relevant information.

20. **Stipulation Shall Not Be a Basis for Liability.** Plaintiffs shall not use Defendants' entry into or compliance with the provisions of this Stipulation and any related Order as a basis for any claims

against Defendants or their Nationwide Public Agency or Private Entity with VehicleManager Access customers in this or any other forum.

21. **Duplicate(s) of Covered Data.** This Order does not require preservation of disaster-recovery backup media rotated in the ordinary course, transient/cache/ephemeral data, or duplicate data deleted in connection with deduplication and system-maintenance operations. Preservation of one copy of Covered Data suffices; Defendants have no obligation to preserve duplicates.

22. **No Production Obligation; No Waiver.** Nothing in this Order requires the production of any information, determines the discoverability or admissibility of any information, or waives any objection, privilege, or protection. Preservation pursuant to this Order shall not be construed as an admission by any party. Nothing in this Order waives Defendants' right to seek cost allocation under Rule 26(c)(1)(B) or to invoke proportionality.

23. **No Admission.** Nothing in this Order, nor any act of compliance with it, shall be construed as evidence of or an admission that Defendants own, control, or have possession, custody, or control of Covered Data for merits purposes.

24. **Meet and Confer.** If Defendants contend that continued preservation of any category of Covered Data imposes undue burden or cost, the Parties shall promptly meet and confer regarding proportionate alternatives (including sampling, segregated copies, or cost allocation) before seeking relief from the Court. Pending resolution of any such dispute, the affected Covered Data shall continue to be preserved.

25. **Duration; Modification.** This Order shall remain in effect until final resolution of this action or further order of the Court. Any party may move to modify this Order for good cause. Upon final resolution of this action, Defendants shall dispose of the segregated Covered Data, except that Defendants may restore to a California Agency Customer—without further order—any Covered Data that, absent this Order, would not yet have been deleted under the retention and destruction settings that would otherwise have applied to that Covered Data.

**IT IS SO STIPULATED AND AGREED.**

Dated: November 11, 2026

JENNER & BLOCK LLP

By: */s/ Kate T. Spelman*
Kate T. Spelman

Attorney for Defendants

Dated: November 11, 2026

GIBBS MURA LLP

By: */s/ Aaron Blumenthal*
Aaron Blumenthal

Attorney for Plaintiffs

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned hereby attests that concurrence in the filing of this document has been obtained from all other signatories.

Dated: November 11, 2026

By: */s/ Kate T. Spelman*
Kate T. Spelman

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated:

The Honorable James Donato
United States District Judge